**LAW OFFICES OF MICHAEL D. KWASIGROCH**
MICHAEL D. KWASIGROCH Esq.  Bar No. 134227
1975 Royal Ave #4
Simi Valley, California 93065
(805) 522-1800

Attorney for Plaintiff Dora Atkinson

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In RE Joshua Michael Luster and Katherine Michelle Luster | BK Case no. 9:19-bk-11766-DS |
| | Adv. No. |
| ———————————— | CHAPTER 7 |
| Dora Atkinson, an individual, Plaintiff | ADVERSARY COMPLAINT FOR NONDISCHARGEABILITY VIOLATION OF STATUTES, DAMAGES/WASTE TO REAL PROPERTY; ACCOUNTING |
| Vs. | |
| Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation, Katherine Luster, Gary Luster, An individual, Hudson Insurance Company, a business entity form unknown, and Does 1-10 | Demand for Jury Trial |

   Comes now Plaintiff Dora Atkinson and as and for a cause of action alleges as follows:

1. Plaintiff Dora Atkinson is an individual and an adult over the age of 18.

Case 9:20-ap-01015-DS   Doc 1   Filed 02/07/20   Entered 02/07/20 19:06:06   Desc
Main Document    Page 2 of 12

2. Defendant Joshua Luster is an individual and an adult over the age of 18.

3. Defendant Luster Construction Services Corp., is a business organization, a Nevada Corporation, admitted to do business in the State of California.

4. Defendant Katherine Luster is an individual and an adult over the age of 18.

5. Defendants Joshua Luster and Luster Construction Services Corp., shall hereinafter be referred to as the "Luster Defendants".

6. Defendant Hudson Insurance Company is a business entity, form unknown, but who Plaintiff is informed and believes is the bonding company for the bond of Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation and the contractor license of said Defendants. By virtue of said relationship Defendant Hudson Insurance Company is the insurer for any wrongdoing of Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation. Plaintiff is further informed and believes that Defendant Hudson Insurance Company is, by virtue of the duties of said Defendant to insure or be responsible for the actions of Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation, responsive and must answer and pay damages to Plaintiff for the wrongful acts of Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation.

7. The true names and capacities of those Defendants sued herein as Does 1 through 10 are currently unknown to Plaintiff herein but when the same are ascertained Plaintiff will be seeking leave to amend this complaint to set forth said true names and capacities of said Defendants.

8. This is an adversary proceeding in the bankruptcy of defendants Joshua Michael Luster and Katherine Michelle Luster in case no. 9:19-bk-11766-DS, a chapter 7 filed 10-25-19.

2
Adversary complaint

9.  Non-debtor parties are joined for purposes of pursuing a single action against all relevant parties.

10.  Plaintiff does not agree that a bankruptcy judge can hear all matters to judgment and also hereby demands a jury trial.

11.  Plaintiff is informed and believes and hereby alleges that at all relevant times each and every Defendant was acting as the agent, employee, representative, or otherwise acting on behalf of, either overtly or tacitly, and with actual or implied knowledge of each and every other Defendant alleged herein. In addition to, or in the alternative, Plaintiff is informed and believes and hereby alleges that each named Defendant herein acted within the scope of an actual or implied conspiracy, with each and every such Defendant committing an act or acts sufficient under the law to impute to each and every Defendant liability caused by the acts or failures to act of each and every other Defendant. Plaintiff is informed and believes that each and every Defendant herein has committed some overt act which qualifies as an act in furtherance of the conspiracy set forth herein.

12.  Conspiracy: Plaintiff is further informed and believes that defendants Joshua Luster and Katherine Luster, who are husband and wife, have conferred and taken the actions herein in concert and together pursuing a conspiracy against Plaintiff for the actions set forth herein.

13.  Jurisdiction properly exists in this court as the remedies sought herein as well as the amounts and nature of any monetary remedies are within the jurisdiction of this court

14.  Venue is proper in this court pursuant to the laws of venue properly applied herein.

15.  As a result of the actions of Defendants herein, and each of them, Plaintiff has suffered actual, general, special, monetary, non-monetary, loss of earning or earning capacity, loss of profit, and out of pocket- actual cost damages, and attorney fees, in an amount which is as yet not ascertained, but when the same are ascertained,

Plaintiff will seek leave to amend this complaint, or will show the same, according to proof, at time of trial.

16.  As a result of the actions of Defendants herein, and each of them,  Plaintiff  has, for the purpose of enforcing her remedies at law and equity, been forced to hire the services of an attorney, thereby incurring further costs and fees for said purpose of enforcing her remedies, with the current or final amount of said costs and fees being unknown to Plaintiff, but when the same is ascertained, Plaintiff will seek leave to amend this complaint, or will show the same, according to proof, at time of trial.

17.  The damages alleged herein were the direct, actual, foreseeable, and proximate result of those actions of Defendants alleged herein.

18.  The actions of Defendants, and each of them, either in part or in whole, were committed with malice, fraud, oppression, intent to harm, or with reckless disregard for the harm that would result to Plaintiff such that it is right and proper for this court to award punitive damages, in an amount not set forth, but subject to proof at time of trial, to either deter such future conduct or for the purpose of punishing or awarding sanctions against and for the conduct of those parties against whom these punitive damages are sought, to wit, all named Defendants, Joshua Luster and Luster Construction Services Corp.

19.  GENERAL FACTUAL ALLEGATIONS against all Defendants

20.  Plaintiff Dora Atkinson is the owner of the property located at 21131 Light hill Dr Topanga CA 90290. In August 2015, Plaintiff orally contracted with Defendant Joshua Luster who acting on behalf of himself, Joshua Luster, and his company, Luster Construction Services Corp., completing a remodel and major repair of the residence located at 21131 Lighthill Dr Topanga CA 90290, which is Plaintiff's home, and which she owns. Plaintiff orally contracted with Defendant Joshua Luster for the purpose of Joshua Luster and his company, Luster Construction Services Corp., completing a remodel and major repair of the residence located at 21131

Lighthill Dr Topanga CA 90290, which is Plaintiff's home. Had Plaintiff known that the Luster Defendants did not intend to obtain engineering, plans, or permits or other necessary items for the work, including the installation of a weight bearing beam on the interior of the house, Plaintiff would never have gone forward with the project and certainly would have stopped any work being done without the necessary items. The Luster defendants concealed the fact such necessary items were not being obtained and even lied that they were obtained or were not necessary.

21.     Defendant Joshua Luster is the nephew in law of Plaintiffs former domestic partner/boyfriend. Plaintiff's property, hereby referred to as the subject property, was in need of substantial renovation for purposes of sale or renting of the property. Defendant Joshua Luster is a licensed California general contract. Defendant Joshua Luster induced Plaintiff to take a loan for $80,000 to pay for the remodel with the agreement between them that Joshua Luster would complete that work on Plaintiff's property in full for the subject $80,000. As a result of the inducements and representations of Joshua Luster that he was capable of completing everything necessary for the renovation, for the $80,000, Plaintiff paid $80,000 to Joshua Luster but he did not complete the job and left it in disarray.

22.     Defendant Joshua Luster, after August 2015, then informed Plaintiff that an additional $20,000 was needed to complete the job. As a result, Plaintiff borrowed an additional $20,000 and paid it to Defendant Joshua Luster. After that date, approximately January 2016, Defendant Joshua Luster never returned to the job site. Defendant Joshua Luster violated numerous statutes and regulations regarding the arrangement with Plaintiff, failing to give a written bid, failing to have a written contract, accepting amounts of money as a deposit greater than allowed by law, and more.

23.     Joshua Luster induced Plaintiff to give another $20,000 in cash on the assertion that he needed that money to finish the job, when in fact he made such

representation and obtained such payment by fraud, that is, with no intent to finish the job, or perform as promised. Defendant Joshua Luster further represented he would get permits as necessary for the agreed work, but never intended to do so, and even represented to Plaintiff on more than one occasion that certain work did not need a permit when in fact it did. The said work was then done without a permit, in violation of law, and unknown to Plaintiff. Had Plaintiff known of this she would have either stopped the job or not started to begin with.

24.  The work to be performed by the Luster Defendants on Plaintiff's home was "Home Improvement" as defined in California Business and Professions code section 7159. It required a written contract as defined in California Business and Professions code section 7159. The Luster Defedants breached statutory requirements, including but not limited to the following: 7195 (c) subsections-(1)- the contract was not in writing, (2)-with no contract it was illegible, (3)-a copy was not given to Plaintiff, no notice of right of cancellation was given, and all of these provisions of 7195 (c) (3)-8 were not complied with, 7195 (d)- the contract was not in writing, the change order reference herein wherein the additional 20,000 was requested  was not in writing, all of the provisions of 7195 (d) were excluded, progress payments were not listed, 7195 (e)-none of the notices in this subsection were listed, the Luster Defendants took more than $1,000 up front without itemizing what the money was for, and a change order for an additional $20,000 was demanded by the Luster Defendants without any explanation as to what the additional funds were for. The $20,000 additional funds were taken and the Luster Defendants did not return to Plaintiff's property or do any more work for over 60 days, even up to the filing of the within lawsuit.

25.  The actions of the Luster Defendants violated California Business and Professions code section 7160 entitling Plaintiff to at least $500 in sanctions and the full measure of her attorney fees.

26.  In addition, much of the work to be performed required a permit which the Luster Defendants were supposed to obtain. The Luster Defendants did work requiring a permit without obtaining a permit, thereby subjecting Plaintiff's property to stop notices, and diminution in value for unpermitted work which would have to be disclosed to any potential buyers. Plaintiff has now had to attempt to retro-permit much work, which is in the process, but has not been completed yet, and will likely require demolition of work done and then repair, in an amount unknown, but subject to amendment hereof or proof at time of trial.

27.  Joshua Luster has, on three prior occasions, admitted to Plaintiff that he keeps assets in "other people's names", so that his creditors cannot reach them.

28.  Plaintiff is a creditor of Defendant Joshua Luster by virtue of the funds owed to Plaintiff for work not completed, the monies deposited with the Luster defendants in trust, and potentially for further damages to Plaintiff's property, and punitive damages, and potentially the return of all funds paid to Defendant Joshua Luster, in the amount of $100,000, plus interest, and other sums found due by the court. At the very least Defendant Joshua Luster owes Plaintiff the $20,000 payment for his failure to do a single thing on the subject property after payment thereof.

29.  Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation, have also left, since January of 2016, numerous items and tools on Plaintiff's property and refuse to remove them. These items of personal property are an interference, obstruction, and block to Plaintiff taking action to mitigate her damages and complete the construction/repairs needed on the property. Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation have been asked numerous times to remove said items but have refused to do so. Plaintiff is informed and believes that Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation have intentionally left the items on Plaintiff's property to retaliate, vex, and harass

Plaintiff, knowing that they will and do interfere with Plaintiff's attempts to rectify the atrocious damages caused by Defendants Joshua Luster, an individual, Luster Construction Services Corp., a Nevada Corporation to Plaintiff's property and economic well-being.

30. 11 USC 523 (a) (2) (a) states a debt is non-dischargeable if obtained by the following: "**(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—**(a)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition…"

31. 11 USC 523 (a) (2) states a debt is non-dischargeable if obtained by the following:"**(4)** for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

32. 11 USC 523 (a)states a debt is non-dischargeable if obtained by the following: **(6)** for willful and malicious injury by the debtor to another entity or to the property of another entity"

33. Plaintiffs are husband and wife defendants are husband and wife, and the defendant business Luster construction is a community property business created and pursued as a business endeavor during the community relationship of the debtors. The acts leading to liability which are set forth herein were done by the defendants in the pursuance of the business and therefore is a community obligation regarding the damages and non-dischargeability alleged herein.

34. Plaintiff alleges this is a core proceeding as it involves a dispute over a claim against the debtors, and further involves issues of claims of non-dischargeability, which is only proper in this bankruptcy court.

35. This action is timely as, as of the time of filing the within bankruptcy, the statute of limitations on any related state court law had not expired and as of the filing of this

complaint, a prior state court action, and as of the date the bankruptcy was filed, was still pending and had been timely filed under state law.

36.  This court has jurisdiction due to the bankruptcy which is pending, under **28 U.S.C. § 1334, 28 U.S.C. § 1452,** Bankruptcy Rule 9027, and Title 11, the bankruptcy Code, of the United States Code, and other provisions of the laws of the United States of America, subject to proof if necessary.

37.  In the course and scope of the actions of defendant Joshua Luster Plaintiff deposited approximately $80,000 with defendant Joshua Luster, and was deposited into his business account, the Luster defendants accounts which Plaintiff gave to defendants in an actual and/or constructive trust, but actual possession of the funds for the purposes for which they were intended by Plaintiff and agreed to by defendants was taken by the Luster defendants. These monies were intended to pay for numerous items, including but not limited to all necessary engineering, planning, drafting of plans, and most specifically permits for work to be done on the subject property, and more. The Luster defendants breached the trust by not using the money for the purposes intended by the Luster defendants and converting said sums to their own purposes.

38.  Plaintiff has demanded, repeatedly, and over an extensive period of time, a full and complete accounting with back up documentation regarding all of the money she deposited with the Luster defendants.   The Luster defendants failed and continue to fail to provide an adequate accounting

39.  The Luster defendants knew that completing major reconstructive work on the Plaintiff's home would require permits and specifically promised that any permits that would be necessary would be obtained. The Luster defendants went forward to do major modifications, including major re-design of the Plaintiff's home without the necessary permits, engineering, plans, or other required items. The Luster defendants knew well that these items were necessary for the work they were going

to do but failed to do so with the intent and purpose to shortcut the job and maintain funds for themselves.

40.  FIRST CLAIM FOR RELIEF FOR NONDISCHARGEABILITY AGAINST THE LUSTER DEFENDANTS AND KATHERINE LUSTER 11 USC 523 (a) (2) (A)

41.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

42.  The damages caused and the amount of money taken by the Luster defendants, and so making liable all defendants, is nondischargeable under 11 USC 523 (a) (2) (A)

43.  SECOND CLAIM FOR RELIEF FOR NONDISCHARGEABILITY AGAINST THE LUSTER DEFENDANTS AND KATHERINE LUSTER 11 USC 523 (a) (4)

44.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

45.  The damages caused and the amount of money taken by the Luster defendants, and so making liable all defendants, is nondischargeable under 11 USC 523 (a) (4)

46.  THIRD CLAIM FOR RELIEF FOR NONDISCHARGEABILITY AGAINST THE LUSTER DEFENDANTS AND KATHERINE LUSTER 11 USC 523 (a) (6)

47.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

48.   FOURTH CAUSE OF ACTION FOR Breach of Contract against Joshua Luster, Hudson Insurance Company, and Luster Construction Services Corp., a Nevada Corporation.

49.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

50.  That work completed by the Luster Defendants was not up to industry standards, subject to proof, and also caused damages to Plaintiff's property.

51.  FIFTH CAUSE OF ACTION FOR FRAUD AGAINST Joshua Luster, Hudson Insurance Company, and Luster Construction Services Corp., a Nevada Corporation.

52.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

53.  Joshua Luster represented he had the experience and knowledge to complete this job, when in fact he does not, stating "what do I know, I just took a test and became a contractor".

54.  SIXTH CAUSE OF ACTION FOR BREACH OF STATUTORY DUTIES AGAINST Joshua Luster, Hudson Insurance Company, and Luster Construction Services Corp., a Nevada Corporation.

55.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

56.  The statutory duties breached by the Luster Defendants include but are not limited to those set forth in the above allegations, including knowingly doing work without a permit that required one.

57.  SEVENTH CAUSE OF ACTION FOR ACCOUNTING AGAINST Joshua Luster, Hudson Insurance Company, and Luster Construction Services Corp., a Nevada Corporation.

58.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

59.  Plaintiff desires and requests an accounting.

60.  EIGHTH CAUSE OF ACTION AGAINST HUDSON INSURANCE COMPANY FOR FORECLOSURE ON BOND.

61.  Plaintiff hereby incorporates by reference, as though fully set forth at this point, all of the foregoing allegations of the within complaint.

62.  The Said defendant is the bonding or insurance company for the Luster defendants and owe the funds due on the bond or insurance to the full limit thereof.

Wherefore, Plaintiff prays for the following relief:

A judgment that the subject debt and damages to Plaintiff are non-dischargeable.

Actual damages according to proof.

General damages according to proof.

Out of pocket expenses and costs.

Loss of earnings, present and future, and earning capacity damages.

Loss of profit damages.

Injunctive or other non-monetary relief as requested herein.

Reasonable or actual attorney fees as found appropriate by the court based on any appropriate legal theory.

 Costs of suit incurred herein.

For such other and further relief as the court deems just and proper.

Dated: 2-7-20

Michael D. Kwasigroch

Attorney for Plaintiff Dora Atkinson